IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Fowler, | ) | C/A No.:  0:13-1726-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, James Fowler, brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on June 23, 2014. The plaintiff has responded with various objections and the Commissioner has replied thereto. The court will discuss its *de novo* review of the objections herein.

The facts are fully set forth in the decision of the Administrative Law Judge (ALJ) and the administrative record, briefly summarized as follows. The plaintiff first applied for DIB and SSI in September 2009 alleging an onset of disability beginning October 1, 2004. The ALJ denied the claim and the Appeals Council denied plaintiff's request for review. The plaintiff then sought judicial review of the decision with a complaint filed in this court on June 24, 2013.

The plaintiff was 50 years old as of his alleged onset of disability. He completed the 7th grade, and has prior work experience as a carpenter, air systems cleaner, and equipment polisher/grinder. He alleges disability due to shortness of breath and chest pain.

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ found the following severe impairments: bilateral interstitial fibrosis with mild restriction, low back pain, and left shoulder pain. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Next, the ALJ determined that plaintiff retained the RFC to perform work with restrictions that require no lifting or carrying over 50 pounds occasionally and 25 pounds

frequently, no standing and/or walking over 6 hours in an 8-hour workday; only occasionally stooping and climbing and an environment reasonably free from dust, fumes, gases, odors, and the extremes of temperature and humidity. In arriving at this finding, the ALJ found that plaintiff's assertions about disabling levels of limitation were not fully credible.

At step four, the ALJ determined that plaintiff could not perform his past relevant work. At step five, however, the ALJ found that there were jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ found that plaintiff was not under a disability, as defined by the Act, at any time from October 1, 2004, through the date of his decision.

In objecting to the Report, the plaintiff has advanced three arguments which are essentially identical to the arguments made before the Magistrate Judge.

Because the ALJ found the plaintiff's ability to perform the full range of medium work had been impeded by additional limitations (occasionally stooping and climbing and an environment reasonably free from dust, fumes, gases, etc.), the ALJ sought the testimony of a Vocational Expert (VE). The VE testified that the hypothetical individual would be able to perform the occupations of packer, assembler, and machine tender, and that there was no conflict between the skill and exertional levels of these jobs and the DOT. Relying on this testimony, the ALJ concluded that other work exists in significant numbers in the national economy and that the plaintiff was not disabled.

3

Plaintiff notes that SSR 83-10 indicates that medium work[2] "usually requires frequent bending-stooping" and that the ALJ should have found that additional non-exertional limitations eroded plaintiff's ability to perform medium work, such that the light work category was more appropriate.

Plaintiff also contends that the ALJ erred in relying on two of the three jobs cited by the VE. Indeed, the Commissioner conceded that the job of packer is actually light exertion rather than medium. Thus, the Commissioner cannot rely on the packer job because the Grids direct a finding of disabled if plaintiff is only capable of light work. In the second job, machine tender, the plaintiff points out that this job involves exposure to heat and environmental irritants, which are precluded by the plaintiff's RFC. Moreover, the plaintiff argues that the VE did not acknowledge or explain this contradiction as required by SSR 00-4p.

Plaintiff asserts that SSR 83-10 indicates that medium work "usually requires frequent bending-stooping." The Magistrate Judge notes in her Report that the considerable *lifting* required for the full range of medium work usually requires frequent bending-stooping. Despite limiting the amount of plaintiff's bending-stooping in his step five analysis, the ALJ did not limit the amount of lifting and carrying of full range medium work—50 pounds occasionally and 25 pounds frequently—which could require *frequent* bending-stooping and which is not in line with the ALJ's limit of only *occasional* stooping for the plaintiff.

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

It is not clear to this court from the ALJ's RFC finding, or from the testimony of the VE, whether medium work could be performed by someone who is only able to stoop occasionally. Therefore, this court cannot determine whether the ALJ's decision is supported by substantial evidence. For this reason, it is necessary to remand this action to the Commissioner for a proper consideration of SSR 83-10 and 14 and for further clarification of whether the occupational base of medium work was substantially eroded.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds that remand is necessary for the reasons stated herein. The court respectfully declines to adopt the Report at this time. In light of the court's determination that remand is required, the parties may address the remaining issues further on remand, and the court need not reach these additional issues.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 22, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District