UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James F. Fowler,                                )<br>                                                          )<br>            Plaintiff,                             )<br>    v.                                                  )<br>                                                          )<br>Carolyn C. Colvin,                           )<br>Commissioner of Social Security,    )<br>                                                          )<br>            Defendant.                        )<br>_____) | C/A No.: 0:13-cv-1726-JFA<br><br>ORDER ON MOTION<br>FOR ATTORNEY FEES |

This matter is before the court upon motion of plaintiff's counsel, Daniel Mayes, for attorney fees under the Social Security Act, 42 U.S.C. § 406(b). Counsel has submitted copies of the Notice of Award from the Commissioner and the plaintiff's signed Fee Agreement. The Commissioner has replied to the motion indicating that she withdraws her earlier objection to the fee request as untimely.[1]

Plaintiff's counsel petitions the court for approval of the federal court related fee in the amount $29,550.22 pursuant to the terms of a written contingent-fee agreement with the plaintiff. That contingent-fee agreement provides, in pertinent part, for the payment of attorney fees in the amount of 25% of all past-due benefits recovered. The plaintiff's

---

[1] The Commissioner initially objected to the fee request as untimely because the notice of award suggested that the plaintiff's past due benefits might still be reduced if he were found to be entitled to SSI. The Commissioner, in her sur-reply of December 9, 2015, notes that she contacted the payment center responsible for plaintiff's claim and a representative informed her that the plaintiff was not entitled to any SSI payments and that his past due benefits would therefore not be adjusted. Further, the representative confirmed that the $29,550.22 originally withheld for attorney's fees was accurate and final. Thus, the Commissioner withdrew her initial objection.

2

attorney has previously been granted fees by this court in the amount of $4,837.50 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to 25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling, and instructs courts to review for reasonableness fees yielded by such agreements. In addition, if the claimant has been awarded attorney fees under EAJA, the claimant's attorney must refund the lesser of the two fees to the claimant. *Id*. at 796.

Upon review of the material submitted to the court, the undersigned finds that plaintiff counsel's request for attorney fees is reasonable. Therefore, it is ordered that the plaintiff's attorney may collect a fee of $29,550.22 from past due benefits. Plaintiff's attorney must refund to the plaintiff the EAJA award of $4,837.50.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

December 10, 2015
Columbia, South Carolina